# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANA W. WILEY, <br>     a/k/a/ Ghetto.D <br><br>     Plaintiff, <br><br> v. <br><br> CEO OF SONY MUSIC ENTERTAINMENT, <br> MICHAEL JACKSON and ROBB, <br> UNIVERSAL MUSIC CEO, <br> LUCIEN GRAINGE, <br> COLUMBIA RECORDS CEO, <br> PHARRELL WILLIAMS, <br> HOLLYWOOD RECORDS CEO, <br> MICHAEL EISNER, <br> VIRGIN RECORDS CEO, <br> RICHARD BRANSON, <br> WARNERS BROTHERS CEO, <br> KEVIN TSUJIHARA, <br><br>     Defendants. | Civil Action No. 19-863 |

## OPINION

Pending before the court is an "Application to Proceed in District Court Without Prepaying Fees or Costs," (ECF No. 1), filed pro se by plaintiff Dana W. Wiley ("Wiley"). Attached to the motion is a pro se complaint that purports to sue the CEOs of numerous record companies. The allegations are nonsensical, rambling and difficult to comprehend. Wiley alleges copyright infringement, breach of contract and a failure to pay royalties. Wiley seeks damages of $7 billion, $780 billion, and return of a check from Pablo Escobar for $75 million. The exhibits to the complaint include correspondence with various government agencies, a

1

decision from a federal district court that Wiley was not competent to stand trial, and an EEOC complaint.

This court will grant plaintiff leave to proceed *in forma pauperis* based on his showing of indigence. Gray v. Martinez, 352 F. App'x 656, 658 (3d Cir. 2009) (indicating that in "this Circuit, . . . if [the court] is convinced that [plaintiff] is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis* . . . [and] thereafter considers the separate question whether the complaint should be dismissed."). Pursuant to 28 U.S.C. § 1915(e), prior to ordering service of the complaint without payment of the filing fee, however, the court must dismiss the case if it determines that the action is "frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i), or "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii). Roman v. Jeffes, 904 F.2d 192, 195 ("the appropriate time to make a decision to dismiss a case pursuant to § 1915 is before service of a complaint).

The purpose of the *in forma pauperis* statute, 28 U.S.C. § 1915, is to assure equal and meaningful access to the courts for indigent litigants. Neitzke v. Williams, 490 U.S. 319, 324, 329 (1989). Congress also provided in the *in forma pauperis* statute for dismissal of complaints under certain circumstances in order to "prevent abusive or captious litigation" that could result because a plaintiff proceeding *in forma pauperis* does not have the economic incentive ordinarily created by otherwise required filing fees and costs to refrain from filing frivolous, malicious or repetitive lawsuits. Neitzke, 490 U.S. at 324.

A complaint filed pursuant to the *in forma pauperis* statute is subject to preservice dismissal under § 1915(e)(2)(B)(i)[1] where it is based upon indisputably meritless legal theory or factual assertions that are clearly baseless. Neitzke, 490 U.S. at 327. In determining whether the

---

[1] Section 1915(e)(2)(B) was formerly codified at § 1915(d).

2

factual assertions are clearly baseless, and the complaint therefore is frivolous, the court may pierce the veil of the complaint and need not accept its allegations as true. Denton v. Hernandez, 504 U.S. 25, 33 (1992). Examples of baseless claims include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." 490 U.S. at 328. Additionally, as provided for expressly by § 1915(e)(2)(ii), the court also must dismiss the complaint if it fails to state a claim on which relief can be granted, which is the same standard for dismissing a claim under Federal Rule of Civil Procedure 12(b)(6). Scheib v. Butcher, Civ. Act. No. 14-cv-1247, 2014 WL 4851902, at * 1 (W.D. Pa. Sept. 25, 2014).

Wiley's complaint appears to arise out of a shooting and armed robbery in 1994. Complaint ¶ 3. Defendants allegedly knew that Easy E was promoting Wiley's "3rd world power album" before and after Wiley was placed in George Junior Juvenile Detention Center in 1994. Complaint ¶ 4. The complaint alleges various interactions with FBI/CIA agents regarding a $75 million check from Pablo Escobar, and fanciful and disjointed allegations about encounters with various famous people. Other than the conclusory statement that "these defendant's ceo of sony music entertainment Michael Jackson et, al knew" about these events, there are no averments that any of the named defendants engaged in any specific conduct with respect to Wiley. As best the court can decipher, Wiley believes that female hip hop artists were using his songs and a comic book character (Joe the Frog) without paying him appropriate royalties, and defendants were aware that Wiley was mentally incompetent when he filed his prior copyright lawsuit. Complaint ¶¶ 24-34. Wiley asks the court to order defendants to, among other things, subpoena the U.S. Treasury to pay Wiley $780 billion for the Pablo Escobar check, donate billions of dollars to veterans and victims of the 9/11 attack, arrange an interview with Oprah, issue

3

subpoenas on four presidential administrations and Prince William, Duke of Cambridge, and provide a copy of his presidential pardon.

Based upon review of the complaint, the court determines that the claims presented and relief sought by plaintiff are based on a fantastic or delusional factual scenario. Neitzke, 490 U.S. at 327-328. Ordinarily, upon dismissing a complaint a court must grant plaintiff the opportunity to amend, if amendment can cure the deficiencies in the complaint. Where, however, amendment cannot cure the deficiencies, such as where the complaint is frivolous under § 1915(e)(2)(B)(i), the court may dismiss the complaint with prejudice without leave to amend. Grayson v. Mayview State Hosp., 293 F.3d 103, 112-113 (3d Cir. 2002) ("[D]ismissals of frivolous claims do not require leave to amend."). Wiley's complaint appears to be based on events that occurred long ago, which would be barred by the statute of limitations. Based upon the court's determination that the complaint is frivolous and amendment would be futile, it will dismiss the complaint without leave to amend.

An appropriate order follows.

Dated: October 2, 2019                    By the court,

                                          s/ Joy Flowers Conti
                                          Joy Flowers Conti
                                          Senior United States District Judge


cc:    Dana W. Wiley
       531 Case Street, Apt. #9
       Rochester, PA 15074